JACOB STOVE WORKS v. C. O. H. BOYD, TRADING AS NEW BERN FURNITURE COMPANY.

(Filed 31 March, 1926.)

1. Vendor and Purchaser—Carriers—Principal and Agent—Damages.

Where goods sold are to be transported and delivered by a common carrier, the delivery thereof in good condition by the seller to such carrier is a delivery to the buyer's agent, and he is liable to the seller for the purchase price, though the shipment is received at destination in a damaged or worthless condition.

2. Instructions—Evidence—Issues—Appeal and Error—Statutes.

Where an instruction upon the law is necessary for the jury to arrive at a verdict upon a material issue, it is the duty of the trial judge to charge the law thus arising without a request for special instruction having been offered and refused. C. S., 564.

3. Vendor and Purchaser—Carriers—Constructive Delivery—Consignor and Consignee—Evidence—Questions for Jury.

Where the purchaser of goods to be transported and delivered by a common carrier denies liability in the seller's action to recover the purchase price, upon the ground that they were delivered to him by another consignee, a local agent of the seller, who had received them from the carrier, a delivery to the carrier by the seller in good condition is not a delivery to the purchaser, and upon conflicting evidence the question is for the jury.

**4. Same—Counterclaim—Set-Off—Statute.**

Where damages are claimed by the plaintiff in the action, the seller of goods, for the contract price, the purchaser may set up as a counterclaim or set-off, any loss to him by reason of damages to the goods, caused by the plaintiff in failure to perform his obligations under the contract of sale. C. S., 521.

APPEAL by defendant from *Bond, J.,* at October Term, 1925, of CRAVEN. New trial.

Action on account for goods sold and delivered. The issues, as answered by the jury, were as follows:

1. Is the defendant indebted to plaintiff as alleged in the complaint? Answer: Yes.

2. If so, in what amount? Answer: $396, with interest on same from 10 January, 1920.

From judgment upon this verdict, defendant appealed to the Supreme Court.

*H. P. Whitehurst for plaintiff.*
*Guion & Guion for defendant.*

CONNOR, J. On 3 November, 1919, defendant, a merchant, engaged in business at New Bern, N. C., purchased from plaintiff, a corporation, engaged in business at Bridgeport, Alabama, thirty-four stoves and heaters, agreeing to pay therefor the sum of $396 on 10 January, 1920.

Plaintiff alleges that it delivered the said stoves and heaters, in good order, together with other merchandise of like character, to a common carrier, at Bridgeport, Alabama, to be transported in a "pool car" to defendant at New Bern, N. C.; that this method of shipment, to wit, by a "pool car," was used by plaintiff by reason of special instructions and at the special request of defendant; that defendant has failed and refused to pay the purchase price for said stoves and heaters, to wit, $396, and that same is now past due.

Defendant denies that he instructed or requested plaintiff to ship the stoves and heaters, which he purchased from plaintiff, in a "pool car"; he alleges that plaintiff agreed to deliver the stoves and heaters to him at New Bern, N. C.; he contends that plaintiff did not deliver the said stoves and heaters to a common carrier, consigned to him, but that they were consigned to the Turner-Tolson Furniture Company, at New Bern, and delivered to him, in a damaged condition, by said company.

As a further defense, he alleged that some time after he had made the purchase, thirty-four stoves or parts of thirty-four stoves were placed in his warehouse in New Bern; that said stoves were unsalable,

because of their broken, mutilated and damaged condition; he contends that said broken stoves were delivered to his drayman, by the Turner-Tolson Furniture Company, to whom plaintiff had shipped them; that said stoves were so badly damaged at the time they were delivered to his drayman by the Turner-Tolson Furniture Company, that they were then unsalable, and therefore worthless.

There was evidence tending to support the allegations and contentions of both plaintiff and defendant.

The case on appeal to this Court, as settled by counsel, shows that his Honor instructed the jury as follows:

"So that I have no hesitation to say to you, if you believe the evidence and find the facts to be as it tends to prove, that the plaintiff shipped to the defendant, Boyd, in a so-called 'pool car,' with some stoves for two or three other folks, a certain lot of stoves to get reduced freight rates by shipping a car instead of sending each piece to pay its own freight, and that they got here, and the defendant received the goods. He admits that he has never paid for them. The Jacob Stove Works, if the evidence is to be believed, delivered the freight at the point at which it was to start, so that if you all believe the evidence in the case and find the facts to be as it tends to prove, you would answer the first issue, 'Yes.'" Defendant's assignment of error, based upon exception to this instruction must be sustained.

There were no requests by defendant for special instructions, but his contentions, with a statement of the evidence, tending to support them, should have been submitted to the jury, with instructions by the court as to the principles of law applicable. C. S., 564. The evidence was conflicting as to facts material to the controversy; the burden is on plaintiff to show delivery of the stoves and heaters, in good order, to defendant, "Ordinarily when goods are to be shipped to the buyer, a delivery by the seller to the carrier, designated by the buyer, is a delivery to the buyer, and constitutes a full performance of the seller's obligation to make delivery. This is on the theory that the carrier is made the agent of the buyer to accept delivery." 23 R. C. L., 1423. In this case, while all the evidence shows a delivery to defendant of the stoves, it becomes material to determine as a fact whether the delivery was made to him by the common carrier or by the Turner-Tolson Furniture Company, as agent at New Bern for plaintiff. If defendant instructed or requested plaintiff to ship in a "pool car," and the goods were delivered to the carrier in good order to be so shipped, plaintiff is entitled, upon all the evidence, to recover, notwithstanding the condition of the stoves, when they reached New Bern. If, however, plaintiff consigned the stoves to Turner-Tolson Furniture Company at New Bern, and the goods

were in a damaged condition when delivered to defendant by said company, as agent for plaintiff, plaintiff failed to deliver in good order, and defendant is entitled to recover damages for breach of contract to deliver; any sum so recovered may be set up as counterclaim or set-off to the purchase price, C. S., 521. For the error in the instruction to the jury the judgment must be reversed, and the verdict set aside in order that there may be a

New trial.